**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **THOMAS FRANKS** | : | Civil Action No. |
| **606 Stevenson Avenue** | : | |
| **Parkersburg, WV 26101** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **THOMAS JEFFERSON UNIVERSITY** | : | |
| **HOSPITALS, INC. d/b/a JEFFERSON** | : | |
| **WASHINGTON TOWNSHIP** | : | |
| **HOSPITAL,** | : | |
| **435 Hurffville – Cross Keys Road** | : | |
| **Washington Township, NJ 08080** | : | |
| | : | |
| **111 S 11th Street** | : | |
| **Philadelphia, PA 19107** | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Thomas Franks (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Washington Township Hospital (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, the New Jersey Law Against Discrimination ("NJLAD") and the Family and Medical Leave Act of 1993 ("FMLA), as amended. In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Washington Township Hospital is a network of medical centers with a location at 435 Hurffville – Cross Keys Road, Washington Township, NJ 08080 and with a corporate headquarters located at 111 S 11th Street, Philadelphia, PA 19107.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the NJLAD.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-03193 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 5, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or around November 5, 2011, Defendant hired Plaintiff in the position of Surgical Technologist.

21. Plaintiff was well qualified for his position and performed well.

22. On or around January 13, 2013, Defendant promoted Plaintiff to Lead Neurosurgical Technologist.

23. Plaintiff was well qualified for his position and performed well.

24. In or around the end of May 2020, Plaintiff was examined by Dr. Steven Kahn, Orthopedic Surgeon, who diagnosed me with Grade III Osteoarthritis in his right knee.

25. Dr. Kahn placed me on a medical leave of absence in order to undergo physical therapy to rehabilitate Plaintiff's right knee.

26. On or around May 28, 2020, Plaintiff informed Cecilia LNU, Human Resources Representative, that he required a medical leave of absence in the form of Family and Medical Leave Act ("FMLA") leave in order to treat his disability, Grade III Osteoarthritis in his right knee, with physical therapy.

27. The following day, on or around May 29, 2020, Cecilia notified Plaintiff that he had two (2) weeks in order to find another position or his employment would be terminated.

28. There was no legitimate business reason for said action.

29. On or around June 1, 2020, Plaintiff began his FMLA leave. He was set to return to work on September 1, 2020.

30. While out on FMLA leave, Plaintiff underwent physical therapy approximately three (3) times per week at Regional Orthopedics in order to rehabilitate his right knee.

31. On or around August 31, 2020, Cecilia called Plaintiff and terminated him.

32. Strangely, Cecilia alleged that Plaintiff had voluntarily terminated his employment with Defendant.

33. To the contrary, Plaintiff did not voluntarily terminate his position and he had made Defendant fully aware of his desire and intention to return to work following his FMLA leave.

34. As a result of Defendant classifying Plaintiff's termination as a voluntary resignation, he was ineligible for COBRA benefits.

35. It is Plaintiff's position, that he was discriminated against based on his disability/record of impairment and/or because he was regarded as and/or perceived by Defendant and its agents as being disabled, and retaliated against for requesting a reasonable accommodation in violation of the ADA and the NJLAD. Plaintiff also contends that Defendant retaliated against him for utilizing his rights under the FMLA.

### COUNT I – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such

an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

38. Plaintiff was qualified to perform the job.

39. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

40. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

41. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

42. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

43. The purported reason for Defendant's decision is pretextual.

44. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

45. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

46. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

49. Plaintiff was qualified to perform the job.

50. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

51. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

52. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

53. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

54. The purported reason for Defendant's decision is pretextual.

55. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

56. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

57. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

58. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

59. Plaintiff engaged in activity protected by ADA when he requested a reasonable accommodation in the form of a medical leave of absence.

60. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but

not limited to, termination.

61. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

62. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

63. Plaintiff engaged in activity protected by the NJLAD when he requested a reasonable accommodation.

64. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

65. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – DISCRIMINATION/RETALIATION
## FAMILY AND MEDICAL LEAVE ACT

66. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

67. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

68. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for his own serious medical condition.

69. Plaintiff gave Defendant sufficient information to allow it to understand that he needed

leave for FMLA-qualifying reasons.

70. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

71. As a result of Plaintiff's attempt to invoke his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment.

72. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

73. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

74. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

75. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

76. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of

reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Thomas Franks, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the NJLAD and the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 3, 2021      **By:**    */s/ David M. Koller*
                                                         David M. Koller, Esquire (037082002)
                                                         2043 Locust Street, Suite 1B
                                                         Philadelphia, PA 19103
                                                         215-545-8917
                                                         davidk@kollerlawfirm.com

                                                         *Counsel for Plaintiff*